# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    **Plaintiff**,

           **v.**

LOUIS DÁVILA-NIEVES,

    **Defendant**.

**Criminal No.** 19-506 (FAB)

## MEMORANDUM AND ORDER

BESOSA, District Judge.

Before the Court is defendant Louis Dávila-Nieves ("Dávila")'s motion to dismiss count two of the indictment pursuant to Federal Rule of Criminal Procedure 12(b) ("Rule 12(b)"). (Docket No. 28.)  For the reasons set forth below, Dávila's motion to dismiss is **DENIED**.

## I.    Background

On August 15, 2019, a grand jury returned an indictment charging Dávila with possessing with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. § 841(a) (count one) and possessing a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c) (count two). (Docket No. 13.)  Drug Enforcement Administration ("DEA") agent Jasmín García ("García") prepared an affidavit in support of the

criminal complaint. (Docket No. 1, Ex. 1.) The following allegations are based on agent García's affidavit.

On August 10, 2019, Transportation Security Administration ("TSA") officers conducted random employee inspections at the Luis Muñoz Marín International Airport in Carolina, Puerto Rico. Id. at p. 2. Dávila is a Seaborne Airlines employee. (Docket No. 34 at p. 1.) TSA officers discovered three brick-shaped objects inside Dávila's backpack. (Docket No. 1, Ex. 1 at p. 2.) Subsequently, DEA agents seized the brick-shaped objects.

Dávila then consented to the search of his vehicle. Id. DEA agents located Dávila's vehicle on the fifth floor of an airport parking structure, recovering the following items: four bricks of cocaine, a Glock model 27 pistol, four magazines, two boxes of .40 caliber ammunition, marijuana, $4,000.00 in United States currency, plastic bags, a vacuum sealer, and five cellular phones. Id. at pp. 2—3.[1] After receiving the Miranda warnings, Dávila informed law enforcement officers that he "was trafficking kilograms of cocaine and also stated that he was going to be paid $2,000 USC for his participation." Id. at p. 3.

Dávila moves to dismiss the section 924(c) count. (Docket No. 28.) According to Dávila, "he kept the firearm in his car,

---

[1] The seven bricks of cocaine field-tested positive for cocaine, weighing approximately 7.86 kilograms. (Docket No. 1, Ex. 1 at p. 3.)

further away from his [suicidal] partner," not in furtherance of a drug-trafficking offense.  (Docket No. 28 at p. 2.)  The United States responded.  (Docket No. 34.)

## II.  Legal Standard

Federal Rule of Criminal Procedure 12(b)(1) provides that a defendant "may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1).  Dávila invokes Rule 12(b)(3), contending that the indictment lacks the requisite specificity. Fed. R. Crim. P. 12(b)(3)(B).  For an offense to be stated sufficiently, an indictment must "sketch[] out the elements of the crime and the nature of the charge so that the defendant can prepare a defense and plead double jeopardy in any future prosecution for the same offense."  United States v. Guerrier, 669 F.3d 1, 3 (1st Cir. 2011); accord United States v. Resendiz-Ponce, 549 U.S. 102, 108 (2007); see also Fed. R. Crim. P. 7 ("The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged.").

Generally, "a facially valid indictment returned by a duly constituted grand jury calls for a trial on the merits."  United States v. Stokes, 124 F.3d 39, 44 (1st Cir. 1997).  Defendants may not "challenge indictments on the ground that they are not

supported by adequate or competent evidence," however, because this "would run counter to the whole history of the grand jury institution." United States v. Wipp-Kelley, 98 F. Supp. 3d 405, 407 (D.P.R. 2015) (Besosa, J.) (quoting Costello v. United States, 350 U.S. 359, 364 (1956)). Accordingly, "courts routinely rebuff efforts to use a motion to dismiss as a way to test the sufficiency of the evidence behind an indictment's allegations." Guerrier, 669 F.3d at 4 (collecting cases).

## III. Discussion

Dávila conflates Rule 12(b) with Rule 29, setting forth sufficiency of the evidence arguments rather than purported deficiencies in the indictment.[2] To sustain a section 924(c) conviction, the United States must establish "a sufficient nexus between the firearm and the drug crime such that the firearm advances or promotes the drug crime." United States v. Peña, 586 F.3d 105, 113 (1st Cir. 2009) (citation omitted). Essentially, the jury must find beyond a reasonable doubt that Dávila possessed the Glock 27 pistol "to advance or promote the commission of the underlying offense." United States v. Robinson. 473 F.3d 387, 399 (1st Cir. 2007).

---

[2] A court may set aside a jury's guilty verdict and enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. See Fed. R. Crim. P. 29.

Whether Dávila possessed a firearm in furtherance of a drug-trafficking crime is a factual question falling within the province of the jury.  See United States v. Bobadilla-Pagán, 747 F.3d 26, 36 (1st Cir. 2014) (holding that it "was up to the jury to weigh the government's and [the defendant's] versions of facts" regarding the "in furtherance of a drug-trafficking crime" element in a section 924(c) prosecution).  Evidence that Dávila attempted to prevent his partner's suicide, that he legally owned the pistol, that he was a member of a gun club, and that he "was practicing target shooting during the days prior to his arrest" is immaterial to the Rule 12(b) analysis.  See United States v. Stewart, 744 F.3d 12, 21 (1st Cir. 2014) ("At the indictment stage the government need not 'show,' but merely allege, the required elements [of the offense charged].").  Indeed, precedent cited by Dávila concerns Rule 29, not Rule 12(b)(3).  (Docket No. 28 at p. 11) (citing United States Garner, 338 F.3d 78, 79 (1st Cir. 2003) (holding that as "to the firearm-possession offense, the evidence was clearly sufficient" pursuant to Rule 29)).  Consequently, Dávila's motion to dismiss is **DENIED.**  (Docket No. 28.)

## IV.  Conclusion

For the reasons set forth above, Dávila's motion to dismiss is **DENIED.**  (Docket No. 28.)

The schedule set forth in the minutes at docket number 35 remains in effect.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, November 8, 2019.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE
